IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | |
|---|---|
| RICHARD KUSSMAUL § | |
| v. § | CIVIL ACTION NO. 9:10cv104 |
| DIRECTOR, TDCJ-CID § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Richard Kussmaul, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him during his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Kussmaul complained of a disciplinary case which he received for trafficking and trading. As punishment, he received a reduction in classification status, six months in "disciplinary housing," and the loss of 60 days of good time credits. Kussmaul argued that he was originally charged with extortion but that this charge was dismissed for lack of evidence, and since the extortion charge was the same as the trafficking and trading charge, that should have been dismissed as well. He also contended that there was no evidence to support the finding of guilt and that the unit grievance procedure did not meet constitutionally required standards of due process. He conceded that he is ineligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge stated that the primary issue in the case is whether or not Kussmaul had stated the denial of a constitutionally protected liberty interest, and concluded,

based on <u>Sandin v Conner</u>, 115 S.Ct. 2293, 2301 (1995), that he had not done so. The Magistrate Judge also recommended that Kussmaul be denied a certificate of appealability *sua sponte*.

Kussmaul filed objections to the Magistrate Judge's Report. These objections are devoted primarily to challenging the Magistrate Judge's assignment to the case. He says that the procedures in his habeas petition were conducted in violation of the Constitution and laws of the United States.

In support of this contention, Kussmaul states that even though there was no evidence to support the finding of guilt and the unit's grievance procedure does not meet constitutionally required standards, the Magistrate Judge nonetheless recommended that his petition be dismissed. He says that Rule 4 of the Rules Governing Section 2254 Petitions requires that a show cause order be issued to the Attorney General, requiring an answer, but the Magistrate Judge acted in an objectively unreasonable manner by deciding questions of law contrary to federal law.

Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts reads as follows:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Thus, the Rule envisions two possibilities - either it plainly appears from the petition that the petitioner is not entitled to relief, in which case the action is dismissed, or it does not so plainly appear, in which case the respondent is ordered to answer or otherwise respond. The last sentence of the Rule, which starts with "in every case," refers to every case in which the petition is not dismissed on its face. *See also* 28 U.S.C. §2243 (stating that a show cause order shall issue "unless it appears from the application that the applicant or person detained is not entitled thereto"); <u>Bamidele v. Gerson</u>, 995 F.2d 223, 1993 WL 210041 (5th Cir., June 7, 1993) (citing Section 2243

in holding that "the district court was not required to issue a show cause order to the defendants to file an answer to his habeas allegations."). Kussmaul's objection on this point is without merit.

Next, Kussmaul says that identification of a liberty interest that is protected by the Constitution is a question of federal law and should have been reviewed *de novo*. He says that when due process is required, the standard in prison disciplinary hearings is that there must be "some evidence" to support the disciplinary decision. However, Kussmaul says, the Magistrate Judge moved forward without an understanding of what his disciplinary proceedings consisted of. He again contends that the Respondent should have been ordered to answer the petition and states that the failure by the Magistrate Judge to issue a show cause order denied him due process and equal protection.

Kussmaul's petition shows on its face that he is not entitled to release on mandatory supervision. Under those circumstances, he failed to show that any of the punishments imposed upon him resulted in the deprivation of a constitutionally protected liberty interest, as explained by the Magistrate Judge. His objection is without merit.

Kussmaul asks that the Magistrate Judge be recused from his case, pointing to the Report as a basis for this request. The Supreme Court has noted that it is well established that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal. *See* Liteky v. United States, 114 S.Ct. 1147, 1157 (1994), *citing* United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). This request is without merit.

Finally, Kussmaul asks that if his case should be dismissed, that he be issued a certificate of appealability. He lists four grounds upon which he believes that such a certificate should issue. These are: (1) the Magistrate Judge denied him due process and equal protection by not applying the Rules of Civil Procedure or 28 U.S.C. §2254; (2) there was no evidence to support the finding of guilt in that the charge of extortion was dismissed and the other charges grew out of that charge; (3) there was no evidence to support the finding of guilt in light of the decision in Teague v. Dretke, 384 F.Supp.2d 999 (N.D.Tex., July 26, 2005), *aff'd in part, vacated in part, and remanded* 482 F.3d

769 (5th Cir. 2007); and (4) the Eastham Unit's disciplinary procedures do not meet constitutionally required standards.

To obtain a certificate of appealability, the petitioner must set out a substantial showing of the denial of a federal right; to do this, he must show that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995). In this case, Kussmaul has wholly failed to make such a showing; none of the four grounds upon which he believes that a certificate of appealability should issue even concern the central issue in this case, which is whether or not he has shown the denial of a constitutionally protected liberty interest. Kussmaul's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Magistrate Judge's Report is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Richard Kussmaul is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **1** day of **November, 2010.**

Ron Clark, United States District Judge